FILED

98 AUG 31 PM 4: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP 0 1 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FREDERICK HELWIG, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
)
THERMAL CORPORATION, et al., ) 98-C-1314-NE
)
    Defendants. )

**MEMORANDUM OPINION**

In this *pro se* action, the plaintiff Frederick Helwig alleges that the defendants Thermal Corporation ("Thermal") and its employee Letitia Worley-Garrett (incorrectly named in the complaint as "Lettye Garrett") caused him to be terminated from his employment with Wellman Thermal Systems, Inc. ("Wellman"). He alleges federal jurisdiction under 28 U.S.C. §§ 451, 754, 1331, 1332, 1391, and 42 U.S.C. §§ 1982, and he seeks all forms of damages in an unspecified amount, as well as injunctive relief. The defendants have moved to dismiss, or alternatively, for summary judgment. Because there is no genuinely disputed issue of material fact, and the defendants are entitled to judgment as a matter of law, the summary judgment motion is due to be granted.

I

The plaintiff and the defendant Garrett were employed in their respective companies in sales and marketing. In November

1997, along with five other sales representatives, they attended distributor training sessions hosted by the Thermal Corporation in Madison, Alabama.[1] En route to a training session on November 14, Garrett "...told a joke that portrayed and depicted people of Cajun, French Arcadian and Creole French ancestry as coon-asses, homosexulas [sic], inbreeders, people who have little or no intelligence and people who talk stupidly." Complaint, p. 3. The plaintiff responded: "[A]ll I can tell you is that to refer to myself and to my people in such a manner is very similar to referring to an African American as a nigger." Id. The plaintiff is of French Arcadian ancestry.

A week later, the plaintiff was terminated by Wellman for using racial slurs.

Neither Garrett nor anyone else from Thermal Corporation had any input or influence in Wellman's decision to terminate the plaintiff. Wellman learned of the plaintiff's "allegedly rude behavior" from an employee of its affiliate, RepWell, Inc. Affidavit of James H. Cherry. Wellman independently investigated the matter. It did not solicit or receive any opinion from Thermal or Garrett concerning potential discipline or termination of the plaintiff.

---

[1] For summary judgment purposes alone, the court utilizes the plaintiff's version of the facts, to the extent that they are based on his personal knowledge and observation. The defendants disagree strongly with the plaintiff's version.

There is no allegation that a state or political subdivision was in any way involved in the decision to terminate the plaintiff.

II

Under these facts, construed in a light most favorable to the plaintiff, the defendants are entitled to judgment as a matter of law.

28 U.S.C. § 451 condifies the definitions used in the Judicial Code of the United States. Plaintiff does not state a cause of action under this statute. Section 754 of Title 28 deals with receivers. The plaintiff does not state a cause of action under that law. The defendants concede that venue properly lies in this court; therefore, 29 U.S.C. § 1391 is not at issue.

Insofar as the plaintiff bases his complaint on a federal statute, the court has jurisdiction under 28 U.S.C. § 1331. Here, the plaintiff alleges a violation of 42 U.S.C. § 1983. But there is no claim or evidence of state action or state actors in this case.

The court assumes that the requisite diversity of citizenship exists under 28 U.S.C. § 1332. But in view of the uncontroverted affidavits[2] on file, there is no evidence to support

---

[2] The plaintiff maintains that he is not required to respond to the defendants' affidavits in support of their motion for summary judgment. He says that he is not impressed with the affidavits; but he has never denied or questioned their accuracy. Doc. 5.

a claim of conspiracy, tortious interference with a contractual relationship, or slander -- neither of which is pled in the complaint.

Because the plaintiff has failed to allege or prove state action, the defendants are entitled to summary judgment on his claim under 42 U.S.C. § 1983. For the plaintiff's failure to adduce sufficient evidence to create a genuine issue of material fact on any of the unarticulated grounds which arguably might serve as a state law cause of action, the defendants are entitled to summary judgment on the diversity claims.

By separate order, this case shall be dismissed, without prejudice.

DONE this 31st day of August, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON